on this morning's calendar. That's Harbec v. North Country Hospital. This is going to be a zoom argument. So Ms. Harbec, can you hear me okay? Yes. Good. We can hear you and see you. And there's a court reporter who's also transcribing in real time, so you should have access to that. Can you see that? Yes. It's just there. Now I'm not. Oh, I don't know. Well, we don't need her picture. We just need to make sure that she's back. So this is just to make sure that you're getting access to the transcript in real time, right? Okay. We're live. We're connected. It's there if she needs to refer to it. All right. So the court reporter will do her job. If you have any difficulties hearing or getting the feed, let us know and we'll correct the problem. All right. Okay. Is that a question for me? Yes. I'm sorry. I shouldn't be clear. Okay. All right. So you may proceed, Ms. Harbec. Statement of the issues presented, there's three questions. Did the district court properly grant a stipulated state discovery during the pendency of the government's motion for a summary judgment? And second question, was the government entitled to a summary judgment due to the failure to submit supporting expert testimony? And the third question, did the district court lack jurisdiction over plaintiff's claims that were not exhausted in the administrative claim? Um, and in regard to issue one, um, attorney for non-health practices together with attorney for government don't need to ask if the result of a state discovery pending to propose the motion for a summary judgment. I did not understand the question and only, um, if you oppose was repeated over and over again by a more effective hospital, hospital attorney. So my right ear began to ring loud, causing pain. When the phone call was over, I called the attorney of the government crying when he returned to the office and explained to her, my ear was ringing loudly and the way the phone call was conducted was pressuring and I could not hear what was being said. I also didn't understand what they wanted during and after the call. I felt this was very unfair to me. The defendants are not entitled to a summary judgment in their favor. It deviates from what would be reasonable compensation and entitled relief. No evidence supporting a summary judgment was ever entered by each defendant. Genuine material facts exist. All facts were not known for expert opinion. It was requested of me to write one letter from my current neurologist to court. I fulfilled that obligation and the um, needed evidence was not discoverable at the time of the original court claim. Medical records were withheld for eight months. Defendants have not answered questions or responded to the discovery of requests in that case. My right to an interpreter was requested and denied in the healthcare setting and a microphone was requested at the district court hearing. I could not hear and we were all wearing masks due to the pandemic. This would have made understandable and effective communication and it would have been under federal guidelines regarding the auxiliary aids to um, I would have been able to hear the entire hearing. I can't go by the transcript, I don't understand it. Defendants cannot bring their conduct and pattern of discriminatory choices to deny rights within a legally permissible exception to the discipline. I was told to, I already said that, um, particularly medical records cannot be relied on by an expert. And Dr. Basarsky, my neurologist, has been my neurologist for four years and cannot comment on the other doctor's treatment and does not have all the information needed to give opinion, especially to the blood transcription. I was given on 7-13 of 2016, continually denied by the board. My, um, uh, the current, um, administrator wrote me a letter, um, can't find any documents in relation to the blood transcription, um, and it's denied by the defense. Well, um, and my neurologist sees me pretending to panic daily. There's a numb spot right here on my head, um, going down into my face, um, affecting my arm and my back, um, and my ear. Uh, the pain I was in was intolerable pain. It was not managed professionally. I couldn't explain what happened. I just had no records of, uh, the events that took place. Um, I was, I was, I became near death, um, and I survived, um, and it's now an intractable headache, chronic pain. Um, new evidence has been discovered regarding, um, by, um, one of the ER doctors that saw me at onset, um, and, uh, she feels I got to the best of her ability going by the tests that were done at North Country Hospital. I, I, the timing of their tests, um, were not appropriate. Um, their test results cannot be relied on. Um, the older test, uh, I, I don't question the older test as much as the newer. Um, Ms. Harbeck? Yes. I mean, the principal, uh, consideration or determination by the district court was that you didn't provide medical records or expert, uh, testimony about the proximate cause of these injuries. Yep. And so maybe you should address that. Okay. I just, I won't, I'll get this part. Um, uh, the expert, when I went to the, um, director of quality care, um, uh, um, the government representative, Dr. Um, and he, and he's not an expert, um, but he did, however, pick me with a needle with a washcloth over my face. Um, and I didn't know it was him at the time, but I found out a couple of years later who it was. Um, but I, I, I need to focus on this part. Um, I, I was very confused. Uh, I, I repeated myself, um, about that to, um, the expert testimony. Um, I would try to, with discovery less, um, so, um, by the defendant, and while I was trying to obtain, obtain an expert testimony, attorneys for the defendant, um, did not fill their, fulfill their obligation in good faith. The government attorney, um, expressed to me that, uh, that's all they sent her. And it was maybe 20 documents. Um, and so I, I, I told her it was scant. I, I really, they weren't helpful to me. Um, so I just, that's all they sent her is, was the response. So I accepted that. I feel this, um, was unfair and prejudiced me as a pro se litigant. Um, I'm not trained in arguing the law. Um, uh, as soon as I found out about the correct diagnosis, I entered it, that they couldn't give expert opinion because I didn't even know the cause. Um, uh, it was all, uh, um, this 46 53. Um, uh, there are very few North Metro medical records that are true. I, because the wrong diagnosis, a lot of the time. All right. But, but again, the district court found that you didn't submit the evidence necessary in order to sustain your claim. Um, are you talking about, are you talking about the, all the ponderance of the evidence or, or the expert evidence? Well, that you needed to produce expert evidence to support your claim that your injuries were caused, uh, by the defendants. Yes. I, I submitted the letter, but she only sees me for one condition for headache chronic daily. She can't comment on any, her statement is she cannot comment on any, um, other doctor, doctor's testimony, testimony. I have abdominal neuralgia. Um, it's a pain. Um, and that's what she sees me for, with headache. Um, it's considered a primary headache disorder. All right. All right. So Miss Harbeck, um, where we're considerably over time. So we will reserve decision. We've got your brief, um, and the briefs of the, of the defendants as well. So we'll issue a decision shortly on this. All right. Can I finish? Um, I can't finish. Well, I mean, they're generally litigants have to stick by their time. Do you have something very, very brief that you want to say? Um, I just, uh, uh, I considered it, uh, not due diligence on the attorney's part. And, uh, I still am in pain. Uh, I have a pain patch on, uh, that I am, my leg hurts. Um, and so now I'm at risk to be paralyzed. Um, and, uh, and no explanation, um, for this happening. So, uh, and I captioned telephones being in Salem Friday. I have hearing aids, which I did not have at the court. Um, made it very difficult. I hear the hearing. Um, and we had not. And so I wait to be, um, would like to request a new trial. All right. All right. Well, we will reserve decision, but we certainly were able to hear you and, uh, and understand you today. So I think that this argument went well in the sense that you were able to make your points and we were able to hear them loud and clear. So thank you very much. You bet. Have a good day. That concludes the last of our arguments on the calendar. And so with that, let me ask the courtroom deputy to adjourn the court.